UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILLY LEE WRIGHT                                              PLAINTIFF

    vs.                Case No. 05-2010

PLEASANT VIEW SCHOOL
DISTRICT, et al.                                              DEFENDANTS

## O R D E R

Now on this 1st day of December, 2005, comes on to be considered the **Franklin County Defendants' Renewed Motion to Disqualify Plaintiff's Attorney as an Attorney of Record in this Proceeding (Doc. 38.)** The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Pleasant View School District, the President of the Pleasant View School Board, the Principal of the Pleasant View Elementary School, Franklin County Sheriff Reed Haynes, and Chief Deputy R.T. Hamilton.

2. Plaintiff alleges that on or about January 20, 2005, and January 24, 2005, he attempted to pick up his minor children, who were not living with him at the time, at Pleasant View Elementary School and was denied access to his children by school district officials. Plaintiff alleges that he then contacted the Franklin County Sheriff's Department **"through his attorneys"** to seek assistance in obtaining custody of his children. According to plaintiff, Chief Deputy Hamilton advised plaintiff's attorneys

-1-

that plaintiff "had no right to his children ... and that if he tried to exercise his parental rights or access the school grounds whatsoever he would be summarily arrested." (Doc. 1 ¶ 18.)

3. Plaintiff asserts that defendants' actions violated his rights to equal protection, due process, privacy and freedom of expression.

4. Sheriff Haynes and Chief Deputy Hamilton move to disqualify attorney Kevin Holmes and his law firm from representing plaintiff "at depositions, hearings, and trial." (Doc. 39 at pg. 6.) According to defendants, Kevin Holmes personally participated in the events giving rise to plaintiff's claims as set out below:

* On January 25, 2005, at approximately 2:00 p.m., Chief Deputy Hamilton received a call from the superintendent of Pleasant View Schools, Mr. Vincent ... who stated that he had just received a call from an attorney by the name of Kevin Holmes ... who advised him that his client had two children at the school and that he was going to take custody of them this date.

* Mr. Vincent advised that he did not wish for this to happen at the school and that he was unaware of the exact circumstances in this action.

* Defendant Hamilton advised Superintendent Vincent that he would call Mr. Holmes in order to find out more information.

* Defendant Hamilton called Mr. Holmes and learned that the father was Billy Wright and that he had recently filed for divorce from his wife and the mother of his children and that he had asked for custody until the court proceedings.

* Defendant Hamilton asked Attorney Holmes if he had obtained a writ of assistance and Attorney Holmes stated he did not feel that a writ was needed

since his client was the children's father who wanted the children and the mother was not there.

* Defendant Hamilton advised Attorney Holmes that the writ was needed for the protection of the sheriff's department in the handling of the children over to the father....

* Approximately one hour later at 2:50 p.m., Defendant Hamilton contacted the school to see if they had heard anything from Plaintiff and the school advised that ... they had not but they did not want the father coming onto the school grounds to conduct his business and that it would be better if he handled personal business off the school grounds.

* Defendant Hamilton received a call from Attorney Holmes at approximately 3:00 p.m. stating ... that if the sheriff's department interfered in any way with his client getting his children, he would file a federal lawsuit against the sheriff's department in federal court.

* Defendant Hamilton attempted to explain to Attorney Holmes that it was not the intention of the sheriff's department to prevent his client from having access to his children but that the school had asked that the change of custody not take place on the school grounds....

* At approximately 4:10 p.m., Attorney Holmes called the sheriff's department again ... stating that he had spoken with Jeff Chandler of Russellville and that he felt the problem had been worked out. Attorney Holmes asked Defendant Hamilton to contact Mr. Chandler and Defendant Hamilton agreed to do so.

* At approximately 4:15 p.m., Defendant Hamilton contacted Jeff Chandler and discussed the matter with him. Mr. Chandler advised that the Franklin County deputies were not obligated to get involved in a custody dispute and that a writ of assistance would have been appropriate but Attorney Holmes did not want to do that....

* At 4:40 p.m., Attorney Holmes called Defendant Hamilton and inquired if his conversation with Mr. Chandler had changed his position and Defendant

> Hamilton advised him that his position had not changed and Attorney Holmes hung up. (Doc. 38 at pgs. 2-3.)

5. Defendants assert that Holmes and his law firm should be disqualified from representing plaintiff, because they "and, most likely, the Plaintiff[] will probably need to call Attorney Kevin Holmes as a witness at the trial of this cause." (Doc. 38 ¶ 1.)

6. Plaintiff responds that "it is possible" that plaintiff will not call Holmes as a witness and that "if Plaintiff does at some point identify Mr. Holmes as a witness, his testimony should not and would not disqualify the Jenkins Law Firm." (Doc. 40 at pgs. 3-4.)

7. Rule 3.7 of the Arkansas Rules of Professional Conduct provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

8. When a lawyer is prohibited from representing a client under Rule 3.7., generally the other lawyers in his firm are as well. <u>See</u> Ark. R. Prof. Conduct 1.10.

9. At the root of this lawsuit is Holmes' demand that the defendants take some sort of affirmative action to assist plaintiff in obtaining custody of his children and defendants'

-4-

alleged unconstitutional refusal to do so.  The Court therefore finds that Holmes is likely to be a necessary witness on contested issues in this matter and that Holmes, and the other members of his law-firm, must therefore be disqualified from representing plaintiff.  This disqualification will not work a substantial hardship on plaintiff, as this case is in its initial stages and has not yet been set for trial.

    10.  Based on the foregoing, the **Franklin County Defendants' Renewed Motion to Disqualify Plaintiff's Attorney as an Attorney of Record in this Proceeding (Doc. 38)** is **GRANTED**.

    Plaintiff shall have 60 days from the date of this order in which to retain new counsel.  Once counsel has entered an appearance on plaintiff's behalf, a scheduling order setting a trial date and deadlines for the progression of this case will issue.

    IT IS SO ORDERED.

    /S/JIMM LARRY HENDREN
    JIMM LARRY HENDREN
    UNITED STATES DISTRICT JUDGE